# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**TINA L. ELLIS,**
**Claimant Below, Petitioner**

**vs.)   No. 15-0760**  (BOR Appeal No. 2050118)
(Claim No. 2013013847)

**HMA, INC.,**
**Employer Below, Respondent**

**FILED**

June 22, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

### MEMORANDUM DECISION

Petitioner Tina L. Ellis, by Stephen New, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. HMA, Inc., by Steven Wellman, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 6, 2015, in which the Board affirmed a December 18, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's November 1, 2013, decision granting Ms. Ellis a 20% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Ellis sustained a compensable injury on November 24, 2012, while maneuvering a patient in an emergency situation during the course of her employment as a registered nurse.[1] Prior to the compensable injury, Ms. Ellis sought treatment from Muneel Abbas, M.D., and David Weinsweig, M.D., for lower back pain. MRIs of the lumbar spine performed in January of 2012 revealed extensive degenerative disc disease and spondylolisthesis at L5-S1. In February of

---

[1] The Order or Orders holding the compensable were not submitted into evidence.

1

2013, Ms. Ellis underwent an elective L5-S1 fusion performed by Dr. Weinsweig for the treatment of spondylolisthesis at L5-S1.

Ms. Ellis has undergone two independent medical evaluations for the purpose of determining the amount of permanent impairment arising from the November 24, 2014, injury. On October 9, 2013, Paul Bachwitt, M.D., authored a report memorializing the results of an independent medical evaluation performed by him on October 3, 2013. Utilizing the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993), Dr. Bachwitt opined that Ms. Ellis sustained 12% whole person impairment as a result of the L5-S1 spinal fusion. He further opined that she sustained 12% whole person impairment as a result of range of motion abnormalities in the lumbar spine. Dr. Bachwitt then placed Ms. Ellis in Lumbar Category IV of West Virginia Code of State Rules § 85-20-Table C (2006), and therefore adjusted his whole person impairment recommendation to 20%. Based upon Dr. Bachwitt's report, the claims administrator granted Ms. Ellis a 20% permanent partial disability award on November 1, 2013.

Bruce Guberman, M.D., performed an independent medical evaluation on April 2, 2014, and authored a report memorializing his findings on the same date. Based upon Ms. Ellis's statement that she injured both her thoracic and lumbar spine, Dr. Guberman performed evaluations of both areas. Dr. Guberman opined that Ms. Ellis sustained 12% whole person impairment as a result of the L5-S1 fusion. He further opined that she sustained 4% whole person impairment as a result of range of motion abnormalities in the lumbar spine and 4% whole person impairment as a result of neurological deficits in the lumbar spine. Dr. Guberman placed Ms. Ellis in Lumbar Category V of West Virginia Code of State Rules § 85-20-Table C based upon her history of a lumbar spine fusion and radicular symptoms, and therefore adjusted his whole person impairment recommendation to 25%. Regarding the thoracic spine, Dr. Guberman opined that Ms. Ellis sustained 8% whole person impairment.

In its Order affirming the November 1, 2013, claims administrator's decision, the Office of Judges held that the evidence of record demonstrates that Ms. Ellis is not entitled to an award greater than the 20% permanent partial disability award she has already received for the injuries to her lumbar spine. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated July 6, 2015. On appeal, Ms. Ellis asserts that she is entitled to an additional permanent partial disability award consistent with the opinions expressed by Dr. Guberman.

The Office of Judges found that the evidence of record demonstrates that prior to the November 24, 2012, injury, Ms. Ellis was experiencing significant lumbar spine problems including spinal stenosis and degenerative disc disease at multiple levels for which she pursued a neurosurgical consultation. Further, the Office of Judges noted that Ms. Ellis expressed a desire to pursue surgical intervention for her lower back condition prior to the November 24, 2012, injury. The Office of Judges then noted that one of the primary issues for consideration on appeal is the compensability of the thoracic spine, which Dr. Guberman evaluated but Dr. Bachwitt did not. The Office of Judges found that there is very little mention of the thoracic spine in the record and also noted that the physician's portion of the Report of Injury did not list a diagnosis

involving the thoracic spine. The Office of Judges also noted that the Order or Orders holding the claim compensable have not been submitted into evidence. Therefore, the Office of Judges determined that the only plausible inference which can be drawn from the evidence of record is that the thoracic spine is not a compensable body part. The Office of Judges then concluded that Dr. Guberman's rating of the thoracic spine was inappropriate given that the evidence of record fails to demonstrate that the thoracic spine is a compensable body part. Finally, after reviewing the record, the Office of Judges found that Dr. Bachwitt's opinions regarding the amount of permanent impairment in the lumbar spine are more persuasive than those expressed by Dr. Guberman, and the Office of Judges adopted the conclusions set forth by Dr. Bachwitt. We agree with the reasoning and conclusions of the Office of Judges, as affirmed by the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: June 22, 2016**


**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II